J-S83019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL E. MCNEIL | : | |
| | : | |
| Appellant | : | No. 2695 EDA 2016 |

Appeal from the Judgment of Sentence July 15, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006167-2012

BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY OLSON, J.:                    **FILED FEBRUARY 13, 2018**

Appellant, Michael E. McNeil, appeals from the judgment of sentence entered on July 15, 2016, following his jury trial convictions of voluntary manslaughter, carrying a firearm without a license, and possession of an instrument of crime (PIC).[1]  On this direct appeal, Appellant's current court-appointed counsel filed both a motion to withdraw as counsel and an accompanying brief pursuant to **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), and its federal predecessor, **Anders v. California**, 386 U.S. 738 (1967).  We conclude that Appellant's counsel complied with the procedural requirements necessary to withdraw.  Furthermore, after independently reviewing the record, we conclude that the appeal is wholly

_____

[1] 18 Pa.C.S.A. §§  2504(a), 6106, and 907, respectively.

frivolous. We therefore grant counsel's motion to withdraw and affirm the judgment of sentence.

We briefly set forth the facts and procedural history of this case as follows. On December 10, 2013, a jury convicted Appellant of the aforementioned crimes, which resulted from a physical altercation and subsequent shooting on the streets of Philadelphia, Pennsylvania. On March 25, 2014, the trial court sentenced Appellant to an aggregate term of eight to 24 years of imprisonment. On direct appeal, this Court concluded, in an unpublished memorandum, that there was sufficient evidence to support Appellant's convictions, but noted two illegal sentencing errors *sua sponte*. First, this Court noted confusion over a perceived clerical error wherein the trial court imposed sentence on the wrong firearm violation, carrying a firearm on public property in Philadelphia, instead of carrying a firearm without a license.[2] Furthermore, we vacated the trial court's judgment of sentence and remanded for resentencing because the trial court sentenced Appellant to an unconstitutional mandatory minimum sentence under 42 Pa.C.S.A. § 9712. ***See Commonwealth v. McNeil***, 2016 WL 1251475, at \*7 (Pa. Super. 2016) (unpublished memorandum).

---

[2] 18 Pa.C.S.A. § 6108 (carrying firearms on public streets or public property in Philadelphia) and 18 Pa.C.S.A. § 6106 (firearms not to be carried without a license), respectively.

On July 15, 2016, the trial court resentenced Appellant to six to 20 years of imprisonment for voluntary manslaughter. It also imposed a consecutive sentence of two to four years of incarceration for carrying a firearm without a license.[3] The trial court imposed no further penalty on PIC. Appellant filed a motion for reconsideration on July 24, 2016. After replacing appointed counsel, the trial court denied relief by order entered on August 26, 2016. This timely appeal resulted.[4]

On appeal, the **Anders** brief raises the following issue of arguable merit for our review:

1. Whether the trial court abused its discretion in sentencing [Appellant] to a total term of eight to twenty-four years [of imprisonment]?

**Anders** Brief at 11.

Before reviewing the merits of this appeal, we must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. **See Commonwealth v. Flowers**, 113 A.3d 1246, 1248-1249 (Pa. Super. 2015) (citation omitted). To withdraw under

---

[3] The trial court's sentencing order reflects the proper firearm conviction.

[4] Appellant filed a notice of appeal on September 7, 2016. On January 27, 2017, after receiving the notes of testimony from trial, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant requested an extension, which the trial court granted. Thereafter, Appellant filed a timely statement of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4). The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a) on March 16, 2017.

*Anders*, court-appointed counsel must satisfy certain technical requirements. "First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous." *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 183 (Pa. Super. 2016), *quoting Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Second, counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa. Super. 2015), *quoting Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his client and "advise[] him of his right to retain new counsel, proceed *pro se*[,] or raise any additional points that he deems worthy of the court's attention, and attach[] to the *Anders* petition a copy of the letter sent to the client." *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (citation omitted). It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw. In the case at bar, counsel has met all of the above procedural obligations.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and

render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting* **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004). We now turn to whether this appeal is wholly frivolous.[5]

Appellant suggests that the trial court failed to take his individual circumstances, or mitigating factors, into effect when imposing consecutive sentences. Regarding possible challenges to the discretionary aspects of Appellant's sentence, the following principles apply:

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
>> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Commonwealth v. Cook**, 2017 WL 5588367, at *3 (Pa. Super. 2017) (internal case citation omitted).

---

[5] Appellant did not file a response to counsel's **Anders** brief.

Here, the first two procedural requirements were fulfilled. Upon review, appellate counsel failed to include a separate statement pursuant to Pa.R.A.P. 2119(f) in the brief on appeal. However, "[b]ecause the requirement of Rule 2119(f) is procedural and not jurisdictional, the Commonwealth's failure to object to or otherwise assert the defect in the form of appellant's brief has resulted in a waiver of the defect." ***Commonwealth v. Krum***, 533 A.2d 134, 138 (Pa. Super. 1987). Here, the Commonwealth has not objected. Thus, we examine whether Appellant presents a substantial question warranting our review.

We have previously stated:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.
>
> *         *         *
>
> A defendant *may* raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

***Commonwealth v. Diehl***, 140 A.3d 34, 44–45 (Pa. Super. 2016) (internal citations and quotations omitted; italics in original).

Here, Appellant baldly contends he received an excessive sentence and, therefore, he does not raise a substantial question. Appellant received two standard-range sentences, which the trial court imposed consecutively. The mere fact that the trial court imposed the two sentences consecutively, without a colorable claim that such a punishment would clearly be unreasonable, does not implicate our review.

Regardless, even if Appellant did raise a substantial question, we would still conclude that he is not entitled to relief. "If this Court grants appeal and reviews the sentence, the standard of review is well-settled: sentencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion." **Commonwealth v. Machicote**, 172 A.3d 595, 603 (Pa. Super. 2017) (citation omitted). "An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment." **Id.**

"Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." **Commonwealth v. Ventura**, 975 A.2d 1128, 1135 (Pa. Super. 2009), citing **Commonwealth v. Devers**, 546 A.2d 12, 18–19 (Pa. 1988). Our Court has further explained:

In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Additionally, the sentencing court must state its reasons for the sentence on the record. The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors.

*Ventura*, 975 A.2d at 1135.

Here, there is no dispute that the trial court had the benefit of a presentence investigation report prior to sentencing Appellant. Thus, we presume the trial court was aware of Appellant's individual circumstances, and considered them, when fashioning his sentence. Since the trial court clearly relied upon the presentence investigation report, and the sentence imposed was neither outside the applicable sentencing guidelines nor unreasonable, we conclude that the trial court did not abuse its discretion. As such, there is no merit to Appellant's sentencing claim. Accordingly, we conclude that the lone issue raised in counsel's ***Anders*** brief is wholly frivolous. Furthermore, after an independent review of the entire record,[6]

---

[6] This Court recently granted *en banc* certification in two appeals to consider the requisite scope of an appellate court's independent review in ***Anders***/***Santiago*** cases. ***See Commonwealth v. Yorgey***, 3376 EDA
*(Footnote Continued Next Page)*

we conclude that no other issues of arguable merit exist. Therefore, we grant counsel's request to withdraw and affirm Appellant's judgment of sentence.

Motion to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/18

_(Footnote Continued)_ ————————

2016 (Pa. Super. filed Aug. 18, 2017); **Commonwealth v. Dempster**, 28 EDA 2017 (Pa. Super. filed Aug. 18, 2017). In both **Yorgey** and **Dempster**, we certified the following issue:

> Whether the scope of the appellate court's independent review of the certified record, once [c]ounsel seeks permission to withdraw representation, necessitates: (1) a comprehensive review of the record for any issues that [c]ounsel might have overlooked; (2) review limited to the issues either [c]ounsel or the _pro se_ appellant raised; or (3) review limited to the issues raised by either [c]ounsel or _pro se_ appellant, [together with] issues that the appellate court is obligated to review _sua sponte_.

Until an _en banc_ decision regarding our independent review in **Anders** cases is forthcoming, we have conducted a comprehensive review of the entire record in this matter in an abundance of caution.